# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BEVERLY JENKINS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-9424** |
| **TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA, ET AL.** | **SECTION "L" (2)** |

## ORDER AND REASONS

Before the Court is Plaintiff's unopposed Motion to Remand. R. Doc. 10. For the reasons that follow, the motion is **GRANTED**.

### I. BACKGROUND

Plaintiff Beverly Jenkins sued Defendants in the Civil District Court for the Parish of Orleans to recover damages from an August 2017 car accident. Defendants timely removed the action on the basis of diversity of citizenship. In their notice of removal, Defendants contended that medical bills and correspondence from Plaintiff's counsel put them on notice that the amount in controversy exceeds $75,000.00. R. Doc. 1 at 5. Specifically, Defendants pointed to Plaintiff's medical records totaling $27,501.00 for past and future medicals, and Plaintiff's counsel's "demand in the amount of the policy limits." *Id.*

Plaintiff moves to remand. Although the parties are diverse, Plaintiff argues that the amount in controversy requirement of 28 U.S.C. § 1332 is not met. The motion is accompanied by an "Irrevocable Stipulation" in which Plaintiff stipulates that her alleged damages do not exceed $75,000.00, exclusive of interest and costs, and irrevocably renounces the option to seek or accept an award over that amount. R. Doc. 10-4. Defendants did not file an opposition.

### II. LAW AND ANALYSIS

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant … to the district court." 28 U.S.C. § 1441(a). District courts have original jurisdiction of all civil actions between citizens of different states in which the matter in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a)(1). If removal is sought on the basis of diversity, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If, however, state practice "does not permit demand for a specific sum," removal is proper if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1446 (c)(2)(A)(ii)-(B).

Because plaintiffs in Louisiana state courts may not specify the numerical value of claimed damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy is met. *Morton v. State Farm Ins. Co.*, 250 F.R.D. 273, 274 (E.D. La. 2008). This can be done by (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth "summary judgment type evidence" of facts in controversy that support a finding of the jurisdictional amount. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

A plaintiff's post-removal affidavit or stipulation regarding the amount in controversy may be considered in limited circumstances. If the amount in controversy is ambiguous at the time of removal, a court may consider a post-removal affidavit or stipulation as it relates to the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). If, however, it is facially apparent that the amount in controversy was satisfied, a post-removal stipulation or affidavit will not deprive a district court of jurisdiction. *Id.*

Here, the amount in controversy is not facially apparent, and the only evidence cited in Defendants' notice of removal is a $27,501.00 medical bill and a demand "in the amount of the policy limits." Considering the Petition, the lack of summary judgment type evidence supporting a finding that the amount in controversy is satisfied, Plaintiff's post-removal stipulation, and the lack of opposition to Plaintiff's motion to remand, the Court concludes that Defendants have not met their burden of establishing that the amount in controversy exceeds $75,000.00.

## III. CONCLUSION

**IT IS ORDERED** that Plaintiff's unopposed motion to remand, R. Doc. 10, is hereby **GRANTED**.

New Orleans, Louisiana, this 11th day of December, 2018.

                                          **ELDON E. FALLON**
                                          United States District Judge